May 28, 1934. The opinion of the Court was delivered by
The decree in this cause of his Honor, Circuit Judge Oxner, sufficiently states the facts, and we agree with the conclusions reached therein.
We wish to add two observations. The first is that the sale made, or sought to be made, by the receivers, was subject to the confirmation of the Court, and, since it appears that the price offered by the highest bidder was entirely inadequate, the Circuit Judge may have well refused to have confirmed the bid, even if there had been no misunderstanding on the part of the respective bidders as to the place of filing the bids. The new sale, ordered by the Judge, confirms the fact that the bids made at the first sale were entirely too low, for at the second sale, ordered by Judge Oxner, the property brought $25,000.00, about four times as much as the bids obtained at the first sale. *Page 549 
We make the suggestion that, when a sale of real estate is made by one who is not a duly qualified public official, with a regularly established office, it will be well for the order directing the sale, and the advertisement thereof, to state definitely the place where the bids, under the Act of May 16, 1933 (38 St. at Large, p. 511), regulating "Judicial Sales of Real Estate," may be received. This course we think will aid much in preventing confusion in the bidding at such sales.
The decree appealed from, which will be reported, is affirmed.
MESSRS. JUSTICES STABLER, CARTER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W.C. COTHRAN concur.